STATE EX REL. BOONE, ETC. *v.* SUPERIOR COURT OF MARION COUNTY, ROOM 3, BRENNAN, JUDGE.

[No. 29,014.  Filed May 20, 1953.]

*Patrick E. Chavis, Jr., Thomas M. Crowdus* and *Chavis & Crowdus,* of Indianapolis, for relators.

*Norman E. Brennan,* Judge, *Pro se.*

BOBBITT, J.—Relators, by their next friend, filed their verified petition in this court, reciting that on September 10, 1952, they filed an action in the Marion Superior Court, Room 3, against the Board of School Commissioners of the City of Indianapolis, et al., being Cause No. B-93188; that on October 17, 1952 said cause was submitted for hearing upon application for a temporary injunction; that the same was, on said date, heard in part and continued; that subsequently the Judge of said court informed the attorneys for relators that he would not set said cause of action for further hearing until the United States Supreme Court had ruled upon certain cases then pending before it and involving the same questions as those presented by relators' complaint in said Cause No. B-93188; that relators have exhausted their remedies and unless respondents be mandated by this court to grant the same they cannot obtain a further hearing in said cause; and praying for an alternative writ of mandate directing respondents to forthwith set said cause for further hearing, or show cause why the same should not be done. We issued an alternative writ.

On February 24, 1953 respondent, Norman E. Brennan, Judge of Marion Superior Court, Room 3, filed his return stating that at no time was it asserted or indicated that said cause involved emergency matters which required the fixing of a date for hearing other than at the convenience of the parties; and that said

cause would be set for hearing as soon as possible after the decision of the United States Supreme Court in certain cases there pending.

On April 17, 1953 said respondent filed a supplemental return stating that said Cause No. B-93188 had been set for hearing on May 25, 1953 which, because of the congestion of the court's calendar, was the earliest date available.

It appears from respondent's supplemental return that the relief sought by relators has been granted and the matter about which they are complaining in this court has been fully determined and is now moot.

Respondents having performed the act which by their petition relators sought to have performed the alternative writ of mandate heretofore issued herein is dissolved and, because the sole question therein presented is now moot, the petition of relators is dismissed.

Petition dismissed.

NOTE.—Reported in 112 N. E. 2d 291.